May it please the Court. Good morning, Your Honors. I'm Fran Pratt with the Federal Public Defender's Office here on behalf of the appellant Alvin Stallins. Your Honors, one of the most basic principles of federal sentencing is that a district court must both calculate and consider the advisory guideline range, whether in an original sentencing or in a revocation proceeding. Congress requires calculation and consideration by statute in two parts of Title 18, in Section 3553A.4.B. and in Section 3583.E. This Court has ensured the enforcement of these statutory provisions through decisions such as Crudup and Molden. And, in fact, this Court has already found in the context of a revocation proceeding that the failure to consider the guideline range is a plainly unreasonable error. And I apologize, these two cases are not in my brief, but I would like to direct the Court's attention to them. Are they published? They are not, so I understand that they are not precedential, but I do believe that they should be persuasive. And perhaps it will result, if the Court agrees with me, perhaps this will result in a published decision making this clear. But the decisions are United States v. Tolbert at 373 Federal Appendix 363, Pinpoint 364, a 2010 decision in which this Court said, quote, because the District Court did not state that it considered the guidelines policy statements and did not even discuss, calculate, or adopt the probation officer's actual advisory guideline range, we find that Tolbert's sentence is procedurally unreasonable. And the Court then went on to find that it was plainly unreasonable. And in another decision, United States v. Audu, A-U-D-U, just a few weeks later, it's at 378 Federal Appendix 318, Pinpoint 319, this Court again said, because the District Court's obligation to calculate the advisory guideline range has been settled since 2007, citing to the Molden decision, we conclude that its failure to do so is plainly unreasonable. On the record, in this case, it's very clear that the District Court not only failed to consider the Chapter 7 guideline range, it failed to even calculate that range. And in fact, the government concedes in its brief that the District Court did not calculate or consider the range. The government then tries to suggest, though, that the error was cured in a couple of ways. First, by the District Court's informing Mr. Stallins, at the beginning of the revocation proceeding, of the statutory maximum. That does not cure the error where the statutory maximum is above the range. Secondly, the government also tries to argue that the fact that a worksheet was prepared and distributed cures the error. Again, that's incorrect. Even if the worksheet was distributed to the District Court, the record does not establish that the Court actually agreed with and adopted the calculation. Or sought. Or sought, exactly, Your Honor. And even if it's assumed that the Court looked at the sheet, it still does not establish on the record that the Court then considered the range after adopting it. So in short, there is obvious procedural error that makes this sentence plainly unreasonable. Furthermore, the Court's error harmed Mr. Stallins. Everything that happened with respect to the sentencing in this case has to be viewed through the lens of this very basic error. The most obvious harm, of course, is that the sentence imposed was higher than the range. In fact, it was the maximum possible sentence. Now, the Court may say, well, it's only six months. I would respond that the Supreme Court has stated that any amount of additional imprisonment is harmful, even if it's as little as six months. And that's in the Clover decision, 2001 decision at 531 U.S. 198 in .203. Further, the Court here never considered, never stated that it considered a lower sentence and rejected it. Put another way, the Court never stated that it was deliberately selecting the maximum sentence to the exclusion of any lower sentence. Finally, if there's any doubt as to the harm, I think it's compounded by the District Court's errors in relying on some facts that it simply had wrong. In particular, what it viewed as Mr. Stallins' immediate return to drug dealing as soon as he was released from prison in 2009. That's not what the record establishes. The record establishes only that he was caught with drugs in January of 2011, nearly 15 months later. And secondly, the Court, also in focusing on the reduction for Rule 35 cooperation, seemed to indicate that it could have given a lower sentence. I think that shows the Court didn't listen to defense counsel's argument, which was that Mr. Stallins received effectively no reduction from Rule 35 because he was already so close to his release date. And yet the judge seemed to think that he could have given more time off than he did. That simply is not correct. Now, the government claims that there's no harm here because the Court made clear that it was not going to grant any leniency to Mr. Stallins. This is incorrect for at least three reasons. First, the crack amendment recalculation of his sentence simply should not be viewed as an act of leniency. The recalculation amendments in 2007 were the result of a Sentencing Commission policy decision made to correct the extreme and systemic unfairness of crack sentences that applied to thousands of defendants around the country. And it was something that Congress even recognized the unfairness of and later rectified through the Fair Sentencing Act. The recalculation and reduction based on Amendment 706 simply has nothing to do with an individual judge trusting an individual defendant, as Judge Shaxson appeared to see. And then second, with Rule 35, as I've already mentioned, I think the Court did not understand defense counsel's argument on that point. Mr. Stallins could not have gotten much of any sort of further reduction. And he couldn't have gotten any further reduction than he did. He was released a week after the Court granted the motion because he was already so close to his date. So Mr. Stallins essentially received no benefit from a motion for cooperation that was made five years after the fact. And then finally, I think it's important to recognize that this is not a situation where Mr. Stallins had been in court previously for supervised release violations and the Court either continued him or gave him only a short sentence. Under those circumstances, it might well be appropriate to give the statutory maximum. But that's not what happened here. So in short, there was harm from the Court's clear error. We ask that this Court vacate the sentence and remand. If there are no further questions, I will reserve the remainder of my time. Mr. Murray. Good morning, Your Honors, and may it please the Court. In this case, the District Court learned that the defendant, who had been serving a term of supervised release after the District Court had twice reduced his sentence, possession with intent to distribute cocaine, had again been convicted of the same offense, possession with intent to distribute cocaine. As a result, the Court sentenced the defendant to a term only six months greater than the top end of the guidelines range. In so doing, the District Court considered that range, the other 3553 factors, and facts that were supported by the record. He committed no procedural error, and even if he did, it was harmless. Turning to the first of the defendant's arguments, the Court considered the Chapter 7 range because it was listed on a worksheet that was submitted by a probation officer to the Court and to counsel. There are two reasons, Your Honor. The first is that the Defense Counsel concedes that the District Court had the worksheet. I guess you didn't hear my question. How do we know that the District Court looked at the worksheet? There are lots of things that come into my chambers that I don't look at. Yes, Your Honor. The second reason, well, there are two other reasons. The first is that on page J24 of the appendix, this is the transcript of the hearing, Defense Counsel actually refers to the worksheet when he's talking to the judge. The Defense Counsel states when he's explaining to the judge, or excuse me, when she's explaining. So the judge knows about it, that a worksheet exists. Do they have a dialogue where they're parsing the worksheet together? Well, I think what the Defense Counsel says on J24 is when she's explaining to the judge whether the defendant's going to admit or deny various violations, and I'm working from the supervised release worksheet here. Is there any indication that the District Court has that worksheet, that he's looking at it with the defense lawyer? Like we could now, because I'm going to be reading some part of J24, if somebody looked at the record of this case, they would know that you looked at it and I looked at it. But is there some equivalent thing in the record of this case? Well, I think that the exchange between Defense Counsel and the judge at that point where the Defense Counsel refers to the worksheet, the judge comes back and says in response, oh, I see what we're talking about here and we're going down the line, indicates that there is circumstantial evidence. I admit that, Your Honor. But it's evidence that there was an exchange about it. And that is the ordinary practice in this court, and it also explains why no one objected that the guidelines range wasn't being considered. It would be sort of odd to raise that objection if everyone was looking at the same worksheet. And so that's the ordinary practice. I also would like to respond to something that the Defense Counsel stated, and that's that the District Court judge need not explicitly recite the guidelines range in SRV sentencing. And there are a couple of reasons for that. The first is that SRV sentencings are different from normal sentencings. In SRV sentencings, the District Court judge need not ritualistically encant the 3553 factors. He need not be as specific as he might be in normal sentencing. That's what this Court has held in Crudup as well as the Molden case. And so, for example, in Benton, a case that cited- Well, in Molden we said, of course, as always, the sentencing court must consider the policy statements contained in Chapter 7, including the policy statements framed as, quote, helpful assistance, and must also consider the applicable 3553 factors. And where here do we know that he considered this? Yes, the distinction I'm trying to draw is between considered and reciting. I know, but I'm not sure I see the evidence of considered. I think that in other cases, so, for example, in Benton, this Court has said that consideration may be implicit in the judge's ruling. And what's implicit here that tells us that he considered? I think there are a couple things. First, there's the exchange with the defense counsel that we were talking about a moment ago. The other thing is the judge laid out his options, and that's exactly what happened in Benton. The District Court judge laid out the options that were before, I believe it was a he in Benton, and discussed those options, and this Court found that that was sufficient to imply that he considered the range and the other 3553 factors. He didn't explicitly recite them on the record. And Benton is just the latest in a long line of cases that are just like it. There's another case that, unfortunately, is not cited in the briefs. Let's be sure Benton is a within-guideline sentence case, right? That's correct, Your Honor. Although I'm not sure that that makes much of a difference. The requirement is that the judge consider the range, not that I don't think there's a different requirement regarding whether it's in or outside guidelines. In fact, Crudup and Molden discussed that even if the judge is going outside the guidelines in an SRE sentence, he need not be as specific as he might need to be in a normal sentence. But as I was saying, Benton is just the latest in a long line of cases that indicate the judge need not ritualistically encamp the range. There's another case, United States v. Johnson, which is just from the year before. I'm going to call up on that because it seems, as I recall, it seems like in Tobit, which was an above-guideline case, we did say that the judge must explicitly reference. I'm sorry, Your Honor. I'm not familiar with Culver, which is what I believe the defense counsel referenced today. I'm happy to take a look at that when I go back to my office and submit a comment on that. So there's United States v. Johnson, which is a very similar event, and these cases all trace back to a published decision of this court, United States v. Davis, from the mid-'90s, where the exact situation that occurred here arose. The district court judge did not explicitly recite a particular range in an SRV sentencing, and this court stated that because the range was there before him, that that was sufficient. Consideration was implicit in his ruling. So I would also like to turn briefly to the defense counsel's argument about whether the district court judge was relying on facts that were unsupported by the record. The defense counsel points to two particular statements. The first is that the defendant was back on the street in 2009 dealing again, even though the most recent conviction was for 2011. I think it's clear from the context that the district court judge was talking about was that it was his decision in 2009 to let the defendant off of his term of imprisonment and put him on supervised release that allowed the defendant to go back. So the in 2009 date modifies the phrase back on the street, not the phrase dealing again. And the second statement that the defendant points to is the statement that the defendant was associating with another felon, even though there's no evidence of that. I think this is just the district court's common-sense inference that an individual who is possessing cocaine with intent to distribute is necessarily interacting with other individuals who are possessing cocaine, and thus necessarily associating with other felons. I will talk briefly about the defense counsel's third argument, in just in case it comes up on their rebuttal, which is that the district court didn't consider the other 3553 factors, namely deterrence and protection of the public. But the district court considered those on almost every page of the sentencing transcript. Several times he discussed the harms that occurred to the public from drug dealing. That's on pages 31 through 34, where the district court's talking about how drug dealing can poison the community. And the district court judge also considered deterrence, speculating that perhaps this current sentence might stop the defendant from going back to drugs. That's on page 35. If there are no further questions, I'll just... Let me just ask you a general question. Sure. Has the prosecution ever considered it their responsibility to follow along with what the judge is asking to make sure he has covered everything he needs to say and consider? In other words, where there is, like in this case, no overt consideration of the range that's advised. Does the prosecution have any responsibility to remind the judge that that's not been done or that the record could be made clearer if he would do these things? Yes. Do you think that's your job or part of your job? Partially. I don't want to say that it's the prosecutor's job to always tell the judge how to do the judge's job. But I do think that it's incumbent upon the prosecutor as an officer of the court to make sure that the proceedings proceed according to the law. And what I would say here regarding that is that the ordinary practice in this courtroom before this judge is for the probation officer to give the worksheet to the parties. And that also explains why in this case no one objected that the range had never been mentioned explicitly because it would be an odd thing to object if everyone were looking at the worksheet that had been handed out only moments before. And so I think in response to your question, yes, the prosecutor does have a duty as an officer of the court to make sure that the proceedings are going according to law and I think there's no indication that that actually was not the case. In this case, the circumstantial evidence supports that that is the case. So the normal practice is give it out, everybody looks at it, and then you proceed? Yes, that's my understanding, Your Honor. I don't have any other questions. Thank you, Your Honor. All right. Ms. Pratt? Is what he says a normal practice with regard to supervised release violation hearings that these sheets are handed out showing the range? Your Honor, I think within the Eastern District of Virginia it actually may vary division to division. How about this judge? My understanding from Mr. Colvin, my colleague who handled this hearing, is that the only way that we get the worksheet in advance of the hearing is if we ask the probation officer for it. He says that at the hearing, as I understood it. Yeah, well, and otherwise we would receive it at the hearing. Now, if we don't receive it until the time of the hearing, that doesn't necessarily give us a lot of time. My question was not is it a good idea or timely enough. Are all the counsel given copies of the range at the hearing? I believe that may be the case, but I can't say with absolute certainty. I apologize since I wasn't there. I have several points I'd like to make with respect to the worksheet. In regard to Mr. Colvin's reference to it, on Droid and Penix, page 24. You have an argument that even if the worksheet was there in front of the judge that you should still get a re-sentence? Yes. And what is that argument? It is that it has several points. First, when Mr. Colvin referred to the worksheet, it was in the context of admitting or denying the charges. There was one document, the petition itself, that had the allegations on it. There was also the worksheet. Mr. Colvin was simply making sure that the court understood that he was working from the worksheet rather than the petition. And more importantly, there was no reference at that time to either the judge understanding, as you had pointed out, that he was following along with defense counsel. So I think there's simply another point is that we have no indication here that the court had the worksheet by comparison to the court's treatment of the pre-sentence report. The transcript for the original sentencing is now on file as of March 7th and it's on the district court docket at docket number 41. I would ask the court to look at that because at page 3 of that transcript, the court very clearly adopts the pre-sentence report, states what the offense level is, states what the criminal history category is, and what the range is. And then even at this revocation hearing, the judge references the pre-sentence report in a couple of places. There's nothing like that here with regard to the worksheet. So we don't know whether the district court looked at it or not. In terms of an explicit recitation... So let me make sure I understand you. If there's evidence that the worksheet is there, your point is that the record doesn't reflect that the judge actually considered it, although the defense counsel mentioned it or said something about it. That's correct. And I think even if one assumes the worksheet was up on the judge's bench, we still don't know that he actually looked at it and understood from it what the range was because there's nothing on the record indicating that he understood the range. Let me follow up on Chief Judge Traxler's question in terms of your responsibility. Here's a worksheet. You want the judge to consider it and believe that a consideration of it will lead in your favor. I assume that's the reason you wanted to consider it or get something out of it. Doesn't the defense counsel have an obligation to say, Judge, I want you to consider this or here it is, it's in front of you, are you considering it? I guess I'm having a hard time following that one. I think to some degree, yes, Your Honor, but I also think that it is also to some degree the government's responsibility, but ultimately it's the court's responsibility to comply with the statutory requirements. And it's terrific if the parties help him, but it's ultimately the court's responsibility. And if we determine that, in fact, this is before the judge and we just decide, we say, well, the judge must consider it, do you still have an argument for a remand? Let me try to answer your question this way, Your Honor. As we know in the similar context of the Carter case, it's not this court's job to assume things. The district court has to make its reasonings clear. In the same way, I don't think that this court can assume that the worksheet that the judge here had actually reviewed and considered the worksheet. As Judge Motz, you actually quoted the passage from the Molden decision that I would have brought to the court's attention, that as always it's clear the judge must consider the Chapter 7 statements, including the range. Let me ask you this. Sorry to interrupt you, Ms. Pratt. But when you filed a motion for reconsideration and you pointed out what the sentencing range was to the judge, now even if it was error earlier, when you point it out to him and he reconsiders it and says it affirms his sentence, why doesn't that make any previous error harmless? Because the judge's comments at the actual hearing about, you know, you'll be out in seven to eight years, it's not clear what he meant. Certainly in retrospect, what he meant was that after the 15% good time reduction from both the state and the federal sentence on the combined 10-year sentence, that would be, you know, 85%. That would be between seven and eight years. Another error. That wouldn't cure all the errors? I don't think it does cure the error. The judge had already made up his mind. And this is not, under Rule 35A, it's not the kind of reconsideration where it reopens everything. It's very technical things, you know, usually conforming a written judgment to an oral thing. You would acknowledge, wouldn't you, if we should vacate and remand, could impose the same sentence? This goes to the same kind of questions that you were asking Ms. Platt. I only have one question. He could, but we would like, he needs to do it. Like a crackhead. He needs to do it on a correct understanding of the facts and having acknowledged and considered what the range is, I would also suggest that consideration is something more than mere recitation. I won't give you dictionary definitions. May I distinguish the Benton and the Davis cases for you? Judge Wynn pointed out correctly with Benton, which was another one of my cases, that Judge Jackson, in fact the same judge, had initially indicated it was going to give a six-month sentence, which was within the range. And in Davis, it was very clear, this is at page 642 of the decision, this court says that the policy statements were repeatedly cited in the probation's worksheet and the oral and written arguments of Davis' counsel. We do not have that here. So, again, the court was very frustrated, very angry with Mr. Stallins, but that does not excuse the court's responsibility to follow the statutory commands to consider the Chapter 7 range, and we ask that this be vacated. Thank you. Thank you, Ms. Pratt. We'll come down and greet counsel.
judges: William B. Traxler, Jr., Diana Gribbon Motz, James A. Wynn, Jr.